IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS PEREZ-ORTIZ, GLADYS HERRERA-ROJAS, LUIS PEREZ-RODRIGUEZ, MARIA PEREZ-RODRIGUEZ, LILLIA PEREZ-RODRIGUEZ, FLORENTINA PEREZ-CHINEA<br><br>Plaintiffs<br><br>vs<br><br>CARLOS RIVERA-OQUENDO<br>HECTOR RAMOS<br>SAMUEL MERCADO-MARRERO<br>JOHN DOE and RICHARD ROE in their personal capacities<br><br>Defendants | CIVIL 05-2322CCC |

**O R D E R**

Before the Court is the Fed.R.Civ.P. 50 motion filed by all defendants, Carlos Rivera-Oquendo, Héctor Ramos and Samuel Mercado-Marrero, raised and argued at the close of the plaintiffs' evidence. The Court has reviewed the exhibits and all of its notes of the testimonies given by plaintiffs' witnesses. Pursuant to the standard for determining a Rule 50 motion, "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," said motion is DENIED as to defendants Héctor Ramos and Samuel Mercado-Marrero and GRANTED as to defendant Carlos Rivera-Oquendo.

The testimonies of principal plaintiff Luis Pérez-Ortíz and of his daughter Lilia Pérez-Rodríguez, if believed by the jury, would establish that Mr. Pérez-Ortiz was actually detained by restricting his movement to a limited area during a prolonged period of time pursuant to an order of agent Ramos during a police operative led by defendant Samuel Mercado-Montero. Should the jury give credence to these and other witnesses, they could find that Mr. Pérez-Ortiz, given the display of police force during the morning and afternoon of December 23, 2004, coupled with the order not to abandon the area, could reasonably believe that he was not free to leave the area under surveillance by police. There is

CIVIL 05-2322CCC                              2

evidence that both Ramos and Mercado-Marrero were present at the scene and that Mercado-Marrero, as reflected in Joint Exhibit I, supervised the continuous surveillance of the lot where the container that was searched for fireworks was located as well as the area that ran the distance of plaintiff and other relatives' homes across and next to such lot. Defendants' argument regarding an illegal detention is based on the narrow view that there is no seizure of a person short of arrest. This is an incorrect test to determine whether or not a seizure has occurred. As established by the Supreme Court in <u>United States v. Mendelhall</u>, 446 U.S. 544, 553-554, 100 S.Ct. 1870 (1980), "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Therefore, defendants Ramos and Mercado-Marrero are not entitled to qualified immunity either.

The situation is different regarding defendant Rivera-Oquendo since there is no evidence that he intervened with Mr. Pérez-Ortiz in any circumstance involving his alleged detention. Joint Exhibit I establishes that he was the person who, pursuant to instructions of the district attorney, applied for the issuance of a search warrant before the Court of First Instance, Bayamón Part, on December 23, 2004. It was stipulated by the parties verbally in open court on December 17, 2007 that he executed affidavit no. 1183 at 4:00 P.M. on December 23, 2004 before Judge Angel Pagán-Ocasio. That same Joint Exhibit I reflects that at 8:00 A.M. of that same date he was driving by the location where the container with toys to be delivered by plaintiffs was located when he observed two persons unloading big cartons with the explosives logo from a white aluminum trailer or van without identification marks. The evidence and all inferences flowing from it is that the white trailer is the white container shown in the photos admitted as plaintiffs' Exhibit 3 where plaintiff Pérez-Ortiz kept the toys to be delivered.

Confronted with an absence of evidence connecting defendant Rivera-Oquendo to

CIVIL 05-2322CCC                                                  3

any action leading to the detention of Mr. Pérez-Ortiz during December 23, 2004, and having been required by the Court to define his involvement in the illegal detention, plaintiffs' attorney argued in opposition to the Rule 50 motion as follows:

> MS. RAMOS: First Carlos Rivera-Pérez[1] (sic) supposedly sees illegal acts taking place around the white van subject to the warrant, and instead of stopping the people that were supposedly doing the acts, he goes to the person or to the court to get a court order. That motives and starts the whole process of getting the search order, which lasted eight hours.

TR. of Rule 50 arguments made on February 7, 2008 (TR.), p. 6, lines 11-17.

> MS. RAMOS: Because, Your Honor, his acts of not stopping the illegal action at the moment and going to the court with the information to get a warrant, and then the process of the eight hours, is what led to this eight-hour operative without a court order.

TR., p. 7, lines 9-13.

> Upon further inquiry by the Court on this matter, the following dialogue ensued:
>
> THE COURT: So I understand that your argument is that based on this information that Mr. Rivera-Oquendo gives in Exhibit 1,[2] he should have intervened with those persons that he saw doing these acts, and if he had done that, none of this would have happened; therefore, he's responsible - -
>
> MS. RAMOS: Yes.
>
> THE COURT:  - - for everything that happened afterwards.
>
> MS. RAMOS: Yes.
>
> THE COURT: Even if he didn't intervene in what happened afterwards regarding Mr. Pérez Ortiz.
>
> MS. RAMOS: That is correct, we believe.

TR., p. 10, line 22 through p. 11, line 8.

Given the lack of evidence of any intervention on the part of defendant Rivera-Oquendo, since the only evidence of his participation is that upon observing around 8:30 A.M. on December 23, 2004 conduct which he understood was suspicious he applied for the

---

[1]  Defendants' correct last name is Rivera-Oquendo.

[2]  The correct exhibit is <u>Joint</u> Exhibit I.

CIVIL 05-2322CCC                                              4

issuance of a search warrant, executed an affidavit in support thereof as late as 4:00 P.M., and upon issuance of the search warrant returned to the location under surveillance immediately thereafter that same date, the argument that had he stopped the suspicious persons instead of obtaining a search warrant nothing would have happened thereafter and all would have been clarified immediately is mere conjecture.

Thus, and as to defendant Rivera-Oquendo, the Court concludes that as a reasonable jury would not have a legally sufficient evidentiary basis to find said defendant liable to plaintiffs, their 42 U.S.C. §1983 claim against him must be DISMISSED. Partial judgment shall be entered accordingly by separate order.

SO ORDERED.

At San Juan, Puerto Rico, on February 11, 2008.

S/CARMEN CONSUELO CEREZO
United States District Judge